**Regina J. McClendon (SBN 184669)**
**Lindsey E. Kress (SBN 278213)**
**LOCKE LORD LLP**
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Phone:  (415) 318-8810
Fax:      (415) 676-5816
rmcclendon@lockelord.com
lkress@lockelord.com

**Christopher E. Faenza (SBN 205680)**
**Arpine Esmailian (SBN 299394)**
**YOKA | SMITH, LLP**
445 South Figueroa St., 38th Floor
Los Angeles, California 90071
Phone:  (213) 427-2300
Fax:      (213) 427-2330
cfaenza@yokasmith.com
aesmailian@yokasmith.com

Attorneys for Defendant, 1231 MARKET STREET OWNER, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY SAVAGE, an individual.<br><br>Plaintiff,<br><br>vs.<br><br>1231 MARKET STREET OWNER, L.P. and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**(Removed from San Francisco Superior Court Case No. CGC-22-600915)**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331, FEDERAL QUESTION JURISDICTION, 28 U.S.C. § 1367(a), SUPPLEMENTAL JURISDICTION, AND DEMAND FOR JURY TRIAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant 1231 MARKET STREET OWNER, L.P. ("Defendant") by and through counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of San Francisco, to the United States District Court for the Northern District of California. The basis for removal is as follows:

1. On July 25, 2022, Plaintiff Henry Savage ("Plaintiff") filed an action in the Superior Court of the State of California, County of San Francisco, titled *Savage v. 1231 Market Street Owner, L.P. et al.*, Case No. CGC-22-600915.

2. Plaintiff's complaint alleges causes of action for violation of the Unruh Civil Rights Act and Negligence. No federal claims were asserted. Defendant was served with the complaint and filed its Answer in state court on September 22, 2022.

3. On or around February 17, 2023, Plaintiff filed his First Amended Complaint ("FAC") alleging causes of action for violations of The Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.*; California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*; California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; California Disabled Persons Act, Cal. Civ. Code § 54.1 et seq.; and Negligence, Cal. Civ. Code § 1714. Defendant was served with the FAC on February 23, 2023. A true and correct copy of the FAC is attached hereto as Exhibit A.

4. This Notice of Removal is timely filed under 28 U.S.C. section 1446(b)(3) in that it is filed within thirty (30) days after Defendant was served with the FAC. Formal service is required to trigger the 30-day period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached hereto as Exhibits A-N.

6. This Court has Federal Question Jurisdiction under 28 U.S.C. § 1331 because the first cause of action in the FAC arises under the federal Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.*

7. The Superior Court of the State of California for the County of San Francisco is located in the Northern District of California. Therefore, venue is proper under 28 U.S.C. § 84 because this is the "district and division within which such action is pending…." *See* 28 U.S.C. § 1446(a).

8. Divisional Assignment. Pursuant to Civil L.R. 3-2(c), this case is properly assigned to the San Francisco or Oakland Division.

9. Under 28 U.S.C. § 1446(d), a copy of this Notice of removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of San Francisco.

**This Court Has Original Jurisdiction Under 28 U.S.C. §1441(a)**

**(Federal Question Jurisdiction)**

10. This Action arises under a federal statute. This Court has Federal Question Jurisdiction under 28 U.S.C. § 1331 because the first cause of action in the FAC arises under the federal Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, et seq. ("FHAA").

11. Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 if: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

12. This Court has original jurisdiction of Plaintiff's first cause of action because "it arises under" a federal statute, i.e. 42 U.S.C. § 3601, *et seq*., otherwise known as The Fair Housing Amendments Act of 1988.

13. In the FAC, Plaintiff alleges that Defendant has injured Plaintiff by committing discriminatory housing practices, in violation of the FHAA and its implementing regulations. That alleged unlawful conduct under the FHAA includes, but is not limited to discrimination in the terms, conditions or privileges of housing, or in the provision of services or facilities in connection with such housing, under 42 U.S.C. section 3604(f)(2), refusal to make reasonable

3

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331, FEDERAL QUESTION JURISDICTION, 28 U.S.C. § 1367(a), SUPPLEMENTAL JURISDICTION, AND DEMAND FOR JURY TRIAL

accommodations in rules, policies, practices, or services, where necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling, and failure to engage in an "interactive process" regarding Plaintiff's disability-related needs and request for reasonable modifications.  Exhibit A – FAC at pages 14-15, paragraphs 50-54.

14. Further, Plaintiff alleges that he is an "aggrieved" person within the meaning of the FHAA and Defendant's duties under the FHAA are mandatory and long established, that Defendant's failure to comply with its fair housing obligations was willful, knowing and/or the product of reckless indifference.  *Id.*

15. Plaintiff alleges he is entitled to general, compensatory, statutory, and punitive damages according to proof.  Exhibit A at pages 21-22, Prayer.

16. Plaintiff is seeking an injunction pursuant to the FHAA ordering Defendant to remove the identified barriers to access; adopt non-discriminatory policies; adopt policies and procedures for processing reasonable accommodation and modification requests; and train Defendant's on-site managers and owners on the housing rights of residents with disabilities and the policies developed. *Id.*

17. Since the allegations in the operative Superior Court First Amended Complaint require adjudication of a federal question, this case is properly removable pursuant to 28 U.S.C. section 1331.

### The Court Has Supplemental Jurisdiction

18. Supplemental Jurisdiction: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts … have original jurisdiction'…." *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 165 (1997). Although one of several claims does not "arise

under" federal law, removal is still appropriate if that claim is transactionally related (i.e. "supplemental") to at least one substantial federal claim. *Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395, 1399 (6th Cir. 1995). A single case exists in the constitutional sense wherever the state and federal claims arise from a "common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715. 725 (1966).

19. Here, all of Plaintiff's causes of action arise out of the same nucleus of operative facts, i.e., Plaintiff's stay at the property known as Hotel Whitcomb ("Property"). Plaintiff alleges that Defendant has discriminated against Plaintiff based on disability by failing to provide accessible facilities, privileges, and advantages on the residential property. Exhibit A, FAC at page 4, paragraph 9. He further alleges that Defendant failed to provide adequate accessibility features for disabled persons at the Property. *Id*. Plaintiff also asserts a related claim for negligence. *Id*. Supplemental jurisdiction under 28 U.S.C. § 1367 of the remaining causes of action is, accordingly, appropriate.

20. Defendant will promptly notify Plaintiff and the Superior Court of this removal as required by 28 U.S.C. §1441(d).

**Demand for Jury Trial**

21. Defendant demands a jury trial of twelve jurors pursuant to Fed. R. Civ. P. 48.

WHEREFORE, Defendant prays that the above-entitled action, currently pending in the Superior Court of the State of California, in and for the County of San Francisco, be removed therefrom to the United States District Court for the Northern District of California, and that this action proceeds in this Court as an action properly removed thereto pursuant to 28 U.S.C. section 1441, *et seq*.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  March 1, 2023

Respectfully submitted,

LOCKE LORD LLP


By: */s/ Lindsey E. Kress*
    Regina J. McClendon
    Lindsey E. Kress
Attorneys for Defendant 1231 Market Street Owner, L.P.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331, FEDERAL QUESTION JURISDICTION, 28 U.S.C. § 1367(a), SUPPLEMENTAL JURISDICTION, AND DEMAND FOR JURY TRIAL