# Exhibit A

Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Lauren Davis (SBN 294115)
lauren@handslawgroup.com
Cody Cooper (SBN 304730)
cody@handslawgroup.com
Reha Singh (PL-512467)
reha@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**HENRY SAVAGE**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| HENRY SAVAGE, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>1231 MARKET STREET OWNER, L.P., a Delaware limited partnership; and DOES 1-10,<br><br>        Defendants. | Case No.: CGC-22-600915<br><br>Assigned to: Hon. Richard Seabolt<br><br>**Verified First Amended Complaint for Damages and Declaratory and Injunctive Relief for Violations of:**<br><br>1. The Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq.;<br>2. California Fair Employment and Housing Act, Cal. Gov't Code § 12955 et seq.;<br>3. California Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.;<br>4. California Disabled Persons Act, Cal. Civ. Code § 54.1 et seq.; and |

VERIFIED FIRST AMENDED COMPLAINT

5. Negligence, Cal. Civ. Code § 1714

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff Henry Savage (hereinafter referred to as "Plaintiff") complains of 1231 Market Street Owner, L.P., a Delaware limited partnership; and Does 1-10 (each, individually a "Defendant," and collectively "Defendants"), and alleges as follows:

## I.    PARTIES

1.      Plaintiff Henry Savage is unable to walk without assistance. He requires the use of a wheelchair ever since a serious car accident. Plaintiff also suffers from glaucoma, which severely impairs his vision. He is a California resident with physical disabilities.  Plaintiff has been issued a blue permanent disability Disabled Person Parking Placard by the State of California.  Plaintiff is a disabled person under the California Unruh Civil Rights Act (UCRA) (*see* Cal. Civ. Code §§ 51, *et seq.*, 52, *et seq.*), the Americans with Disabilities Act (ADA) (*see* 42 U.S.C. § 12102, *et seq.*), and other statutory laws which protect the rights of "disabled persons."

2.      Defendant, 1231 Market Street Owner, L.P., a Delaware limited partnership owns/owned the property ("Property") located at 1231 Market St., San Francisco, CA 94103, at all relevant times.

3.      Defendant 1231 Market Street Owner, L.P is a company doing

2
VERIFIED FIRST AMENDED COMPLAINT

business in San Francisco County as an owner and operator of residential real property located on the Property known as the "Hotel Whitcomb" (hereinafter, "Residential Building").

4.   The defendant employs individuals who act as the agent of Defendant at the Residential Building. These individuals are also the on-site manager for the Residential Building. However, these individuals routinely change and are difficult to identify.

5.   This action is brought pursuant to the Fair Housing Amendments Act ("FHAA"), 24 U.S.C. § 3601 et seq., and California anti-discrimination statutes. Plaintiff also asserts a related claim for negligence.

6.   Through this action, Plaintiff seeks injunctive relief, statutory penalties, actual and punitive damages, reasonable attorney's fees, and costs of suit.

7.   Does 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles, and/or representatives of Defendants.  Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

8.   Plaintiff alleges that Defendants, at all relevant times, were relevant to this action; were the owners, franchisees, lessees, general partners, limited partners,

3

VERIFIED FIRST AMENDED COMPLAINT

agents, employees, employers, representative partners, subsidiaries, partner

companies, and/or joint ventures of the remaining Defendants; and were acting

within the course and scope of that relationship.  Plaintiff is further informed and

believes and alleges that each of the Defendants gave consent to, ratified, and/or

authorized the acts alleged of each of the remaining Defendants.

9.      Plaintiff alleges that Defendants have discriminated against Plaintiff

based on disability by failing to provide accessible facilities, privileges, and

advantages on the residential property. Plaintiff alleges that the Defendant failed to

provide adequate accessibility features for disabled persons at the Property.

Defendants' facilities do not comply with the ADAS, ADAAG, and/or the

California Building Code ("CBC").

## II.      JURISDICTION & VENUE

10.     This Court has subject matter jurisdiction over this action.  The Court

also has personal jurisdiction over Defendants because Defendants conducted and

continue to conduct their operations in California; Plaintiff's claims arose in

California; and Defendants' residence, dwelling, housing, facility, property, and/or

business is available for occupancy by residents in California.  The access barriers

described by Plaintiff were experienced in California.

11.     Venue is proper in this Court because Defendants conduct substantial

operations in this county, and the real property which is the subject of this action is

located in this county.  Venue is also proper because Plaintiff's cause of action

VERIFIED FIRST AMENDED COMPLAINT

arose in this county.

### III.   FACTS

12.     Defendants owned, operated, and controlled, a residential complex in which plaintiff resided.

13.     Defendants owned and operated this Residential Building, which was dilapidated.  It was a slum.

14.     Defendants are slumlords. This term, while robust, correctly challenges the bad condition of the Property and accurately describes the Defendants' Property. The original designs are shoddy. The building was incorrectly designed from the outset. The features were never up to code to begin with. The correct and incorrectly designed features of the Residential Building then became damaged inadvertently or vandalized, but were not repaired. Then many features eroded with wear and tear over time, but were not kept up. The accumulation of these failures on the many features of the Residential Building became more and more problematic for the residents, especially the disabled residents like plaintiff.

15.     Here are some of the features of discrimination against the disabled at the Residential Building:

16.     <u>Lack of Working Elevators.</u> Defendant has failed to provide a working elevator in the Residential Building for long periods of time. When Plaintiff became a resident he requested an ADA accessible room and was told that they didn't have

5
**VERIFIED FIRST AMENDED COMPLAINT**

any ADA accessible rooms in the building. He was placed on the fifth (5th) floor in a non-ADA accessible room. This forced the wheelchair bound plaintiff and other disabled persons to drag themselves up and down the stairs in order to leave the building or reach another floor. The elevator is often "out of order" remains out of order for long periods of time. This condemns many mobility impaired residents of the Residential Building to isolation as they are unable to leave the hotel. Residents such as Plaintiff are unable to obtain essential necessities like food or medical care during these periods.

17.   <u>Failure to Provide ADA Accessible Room Upon Request; Failure to Provide a Reasonable Accommodation</u>. Plaintiff requested an ADA accessible room as he is in a wheelchair and requires the use of grab-bars to bathe and shower, for grooming and to use the restroom. Plaintiff was told that there were no ADA accessible rooms in the building at all, in other words, that they did not exist. This statement was false[1]. Plaintiff was placed in room 587 on the fifth (5th) floor. Room 587 is not an ADA accessible room. There are no grad bars in the bath/shower or by the toilet. There is no assistance provided to disabled patrons who are in a wheelchair.

18.   <u>Non-Compliant Facilities Caused Severe Physical Injuries to Disabled Plaintiff</u>. Defendants' representatives intentionally mislead Plaintiff about the

---

[1] As explained in greater detail below, not only was this statement by Defendants' representatives false, it ultimately led to Plaintiff's fall and physical injuries.

existence of accessible rooms at the Residential Building and in so doing denied him a reasonable accommodation of an accessible room at the Residential Building. Defendants' representatives confined Plaintiff to a room that they knew was dangerous for him because of his disability. Plaintiff specifically advised Defendants' representatives that he could not safely bathe himself or use the restroom without grab bars. Defendants' representatives knew of the grave and imminent risk to Plaintiff and intentionally and callously denied his request for a reasonable accommodation of an accessible room, even though a reasonable accommodation in the form of an accessible room (with grab bars in the bathroom) was immediately available. In October 2021, as a direct result of not being provided with a reasonable accommodation, Plaintiff slipped and fell in the shower that did not have grab bars. The fall caused serious and severe injuries to his head, brain, neck, back and upper body. Plaintiff was rushed to the hospital. Plaintiff continues to live with the injuries and the pain and suffering from the accident to this day.

19.   ADA Design Problems. Many areas of the Residential Building do not comply with the building code and architectural requirements of disability access laws. These include doorways which are too narrow, lack of accessible paths of travel and surfaces which have impermissible changes in level.

20.   Dilapidated and Damages Features. Many areas of the Residential Building are not only incorrectly designed, but are also damaged, causing additional barriers. These include surfaces which are damaged/distressed and the elevator

Exhibit A, Page 7 of 25

being defunct. **Rats also reside in room 587.**

21.     <u>Incompetent Managers</u>. Defendants have not properly trained managers regarding the rights of disabled persons and compliance with disability access laws, fair housing laws and anti-discrimination laws. Defendants have not hired persons who have knowledge regarding the rights of disabled persons and compliance with disability access laws, fair housing laws and anti-discrimination laws. Defendants have employed on site managers and supervisors who are both incompetent regarding the rights of disabled persons and compliance with disability access laws, fair housing laws and anti-discrimination laws and who intentionally and callously lie and mislead disabled residence regarding their rights. Among other things, Defendants' representatives repeatedly denied Plaintiff a reasonable accommodation and went even farther and lied about the existence of accessible rooms. Following his treacherous fall in the shower, Plaintiff was later provided with an accessible room on the 7th floor. Of course, this was only after he was forced to reside in a non-accessible room for a significant amount of time, and suffered severe physical and mental injuries.

22.     <u>Mass Non-Compliance with Fair Housing and Anti-Discrimination Statutes</u>. Plaintiff alleges that Defendants have discriminated against Plaintiff based on disability by failing to provide accessible facilities, privileges, and advantages to the residential property and also by failing to provide reasonable accommodations after repeated requests. Plaintiff alleges that Defendant failed to provide adequate

8
VERIFIED FIRST AMENDED COMPLAINT

accessibility features for disabled persons on the Property. Defendants' facilities do not comply with ADA, ADAAG, and/or the CBC.

23. <u>Unresponsive to Disabled Residents</u>**.** Plaintiff also alleges that Defendants do not have a clear process for accepting, processing and responding to requests to make reasonable modifications. Defendants have received complaints verbally and in writing from Plaintiff and other disabled residents regarding the accessibility of the Residential Building, however they have been utterly unresponsive to their complaints and requests.

24. <u>Exacerbation of Plaintiff's Condition</u>. The inaccessible features in and around the Residential Building have caused strain on Plaintiff. This strain has made Plaintiff's medical condition worse, causing new injuries.

25. The premises violated applicable California and federal construction-related accessibility standards, including Title 24 of the California Code of Regulations (California Building Standards Code), Part 36 of Title 28 of the Code of Federal Regulations (28 CFR Part 36), the ADA Standards for Accessible Design ("ADAS"), and the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG").

26. Defendants did not offer persons with disabilities with equivalent facilities, privileges, and advantages offered by Defendants to other patrons.

27. Plaintiff encountered barriers, both physical and intangible, that interfered with, and denied, Plaintiff the ability to use and enjoy the goods, services,

9

VERIFIED FIRST AMENDED COMPLAINT

privileges, and accommodations offered at the Property.

28.    Inaccessible restroom facilities, routes of travel, entryways, interior floor space, and other architectural amenities for patrons visiting or residing at the Property are among the facilities, privileges, and advantages offered by Defendants to patrons and residents of the Property.

29.    However, there are (were) inadequate accessibility features for disabled persons at the Property.  Defendants' facilities do not comply with the ADAS, ADAAG, and/or the California Building Code ("CBC").

30.    Plaintiff experienced multiple access barriers at the Property, including barriers related to restroom facilities, routes of travel, entryways, interior floor space, and other interior and/or exterior areas.[2]

31.    Plaintiff encountered <u>many</u> barriers at Defendants' facilities. The items listed below are just *some* of the many barriers which Plaintiff encountered. There are *more*.

32.    **The property which serves Hotel Whitcomb has many violations of the ADAAG which are barriers to somebody like Plaintiff. There are problems related to damaged and uneven surfaces. Some of the pavement distresses are from damage (such as cracks in the asphalt), some from bad design or installation (for example uneven pavement). There are many problems inside**

---

[2] This list of barriers and violations is not exhaustive. There are other barriers which Plaintiff encountered at the defendant's property. This list is not exhaustive or completely inclusive.

**Hotel Whitcomb also and many other problems as well, including, by and through the Defendants' policies to refuse to provide reasonable accommodations to disabled persons. These problems culminated in causing an accident: Plaintiff slipped and fell. He was injured because of that fall.**

33.     **The Hotel Whitcomb's elevators are routinely non-working and out of order for extended periods of time. The periods of time when no elevator is functioning is unreasonable long, lasting many months.** A working elevator for a multi-story residential building was not provided.

34.     **The Hotel Whitcomb failed to provide an accessible room. The Hotel Whitcomb failed to provide Plaintiff with the reasonable accommodation of an accessible room with an accessible restroom, even though Plaintiff repeatedly requested one and warned the Hotel Whitcomb staff of the risk of injury that he faced if he were compelled to use a non accessible restroom. The Hotel Whitcomb's staff informed Plaintiff that no ADA accessible rooms existed in the building. This was a lie. The bathroom in Plaintiff's room did not have any grab bars in the bath/shower area, nor the toilet area. As a result, while attempting the exit the shower, which is inside a bathtub, Plaintiff slipped and fell as he did not have anything to grab onto while trying to get out. Plaintiff hit his head and injured his back in the fall. Following Plaintiff's fall and injury, the Hotel Whitcomb staff moved Plaintiff to another room that was a designated accessible room with grab bars in the**

**shower/tub area. This sudden capitulation by Hotel Whitcomb staff exposed their prior statements that no accessible rooms existed at the Property as outright falsehoods, and their denial of Plaintiff's request for a reasonable accommodation unreasonable and deceptive.**

35.     Plaintiff requested an accessible room but was falsely informed no such rooms existed on the property.

36.     There were no grab-bars in the shower/bath area, resulting in Plaintiff slipping and falling and injuring his head, brain, shoulders, neck and back.

37.     The surface of the bathtub did not have a non-slip surface. In fact, the bathtub was extremely slippery when wet.

38.     The ground on and around the Property has pavement distresses. The types of pavement distresses which exist include but are not limited to: alligator (fatigue) cracking; joint reflection cracking; potholes; asphalt bleeding; patching near utilities; block cracking; raveling; stripping; corrugation and shoving; and depressions. These pavement distresses are made worse and exacerbated by design elements which do not follow the ADAAG. These areas should be fixed immediately because they pose a tripping, catching and/or falling hazard. Plaintiff cannot safely and fully enjoy the premises when such conditions are present. These excess changes in level and uneven ground surfaces pose risks to Plaintiff, including that Plaintiff's foot, chair, or other body parts may catch on the uneven ground causing Plaintiff to fall. These abrupt changes in level pose an increased

risk of danger to Plaintiff, as Plaintiff is more likely to get caught, trip, slip and or fall than someone without disabilities. The excess changes in level (i.e., uneven ground) denied Plaintiff full and equal use, access, and enjoyment of the Residential Building by making it difficult/harder and more dangerous for Plaintiff to traverse the property/route. The excess changes in level (i.e., uneven ground) also deterred/deters Plaintiff from visiting and the use and enjoyment of the various facilities of the Property because it would be difficult/harder and more dangerous for Plaintiff to traverse and travel on and around the property/route.

39.   Plaintiff personally encountered the foregoing barriers on (and the foregoing barriers existed during) during the course of residency.

40.   These inaccessible conditions denied Plaintiff full and equal access, and caused difficulty, humiliation, and/or frustration.

41.   Defendants had actual knowledge that the foregoing architectural barriers prevented access.  Their noncompliance with the ADA Standards, ADA Accessibility Guidelines, and/or the California Building Code was intentional.

42.   Defendants have failed to maintain in working and useable condition those features necessary to provide ready access to persons with disabilities.

43.   Defendants have the financial resources to remove these barriers without much expense or difficulty in order to make their Property more accessible to their mobility impaired residents.  The removal of these barriers is readily achievable.

44.     On information and belief, Plaintiff alleges that Defendants refuse to remove these barriers.

45.     On information and belief, Plaintiff alleges that Defendants' failure to remove these barriers was/is intentional, because the barriers are logical and obvious.  During all relevant times, Defendants had authority, control, and dominion over these conditions; thus, the failure to provide accessible facilities was not a mishap, but rather an intentional act.

## IV.    First Cause of Action

### Fair Housing Amendments Act of 1988

### 42 U.S.C. § 3601 et seq.

46.     Plaintiff hereby re-pleads, restates, re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

47.     The Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3601 *et seq.,* prohibits discrimination in the sale, rental, and financing of dwellings, and in other housing-related transactions, based on a number of protected characteristics, including disability.

48.     Plaintiff is, and at all times relevant herein was, an individual with a disability as that term is defined by the FHAA and its implementing regulations (42 U.S.C. § 3602(h); 24 C.F.R. § 100.201).

49.     The units at the Property, including Plaintiff's unit, are covered dwellings subject to the FHAA and its implementing regulations.

50.     In acting as herein alleged, Defendants have injured Plaintiff by committing discriminatory housing practices, in violation of the FHAA and its implementing regulations. Defendants' unlawful conduct under the FHAA includes, but is not limited to:

    a.   Discriminating in the terms, conditions or privileges of housing, or in the provision of services or facilities in connection with such housing, 42 U.S.C. § 3604(f)(2);

    b.   Refusing to make reasonable accommodations in rules, policies, practices, or services, where necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling, 42 U.S.C. § 3604(f)(3)(B); and

51.     Failing to engage in an "interactive process" regarding Plaintiff's disability-related needs and request for reasonable modifications.

52.     Plaintiff is an "aggrieved" person within the meaning of the FHAA. 42 U.S.C. § 3602(i)(1).

53.     Defendants' duties under the FHAA are mandatory and long established. Defendants' failure to comply with their fair housing obligations was willful, knowing and/or the product of reckless indifference.

54.     Pursuant to 42 U.S.C. § 3613(c)(1) and (2), Plaintiff prays for judgment as set forth below.

## V.    Second Cause of Action

## California Fair Employment and Housing Act

## California Civil Code §12955 et seq.

55.    Plaintiff hereby re-pleads, restates, re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

56.    The California Fair Employment and Housing Act (FEHA), Cal. Civ. Code §12955 *et seq*. prohibits discrimination in the sale, rental, and financing of dwellings, and in other housing-related transactions, based on a number of protected characteristics, including disability.

57.    Plaintiff is, and at all times relevant herein was, an individual with a disability as that term is defined by the California law. Cal. Gov. Code § 12926.

58.    The FEHA was written to conform California law on the subject of fair housing to the Federal Fair Housing Act. Accordingly, an analysis under the FEHA mirrors an analysis under the FHAA.

59.    Defendants' violation of Plaintiff's rights under FHAA, as set out in Plaintiff's First Claim, also violates Plaintiff's rights under FEHA.

60.    Plaintiff is an "aggrieved" person within the meaning of the FEHA. Cal. Gov't Code § 12927(g).

61.    Defendants' duties under FEHA are mandatory and long established. Defendants' failure to comply with their fair housing obligations was willful, knowing and/or the product of reckless indifference.

62.     Defendants have injured Plaintiff in violation of the California Fair Employment and Housing Act by their refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations are necessary to afford Plaintiff, a disabled person, equal opportunity to use and enjoy the apartment complex.

63.     Defendants have further injured Plaintiff in violation of the California Fair Employment and Housing Act by their refusal to enter into the interactive process with Plaintiff after receiving his request for a reasonable accommodation.

64.     As a proximate result of Defendants' conduct, Plaintiff has been damaged as set forth herein and continues to suffer damages.

65.     Because of Defendants' knowledge that Plaintiff is a disabled person and was, and continues to be, in need of a reasonable accommodation under State law, Plaintiff is entitled to punitive damages pursuant to California Civil Code § 3294.

66.     Pursuant to Cal. Civ. Code § 12989.2, Plaintiff prays for judgment as set forth below.

67.     Plaintiff is further entitled to recover his attorney's fees, costs and expert witness fees against Defendants.

///

///

///

## VI.    Third Cause of Action

## California Unruh Civil Rights Act

## California Civil Code § 51 et seq.

68.    Plaintiff hereby re-pleads, restates, re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

69.    The Unruh Civil Rights Act ("Unruh Act") provides that individuals with disabilities "are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

70.    The Unruh Act applies with full force to the business of renting housing accommodations. *Marina Point, Ltd. v. Wolfson*, 30 Cal. 3d 721, 731 (1982).

71.    Defendants are in the business of renting housing accommodations, and therefore must comply with the provisions of the Unruh Act.

72.    The provisions of the Unruh Act protect substantially the same rights as FHAA and are subject to the same analysis.

73.    Defendants' violation of Plaintiff's rights under FHAA, as set out in Plaintiff's First Claim, also violates Plaintiff's rights under the Unruh Act.

74.    Defendants' duties under the Unruh Act are mandatory and long established. Defendants' failure to comply with their fair housing obligations was willful, knowing and/or the product of reckless indifference.

75.     Pursuant to Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## VII.   Fourth Cause of Action

## California Disabled Persons Act

## California Civil Code § 54.1(b) et seq.

## (Statutory Damages and Attorney's Fees Only)

76.     Plaintiff hereby re-pleads, restates, re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

77.     The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Cal. Civ. Code § 54.1(b)(1).

78.     The CDPA also provides that "[a] person renting, leasing, or otherwise providing real property for compensation shall not refuse to permit an individual with a disability, at that person's expense, to make reasonable modifications of the existing rented premises if the modifications are necessary to afford the person full enjoyment of the premises." Cal. Civ. Code § 54.1(b)(3)(A).

79.     Claims under California Civ. Code § 54.1 are analyzed under the same standards as the analogous provisions of the FHAA. Accordingly, Defendants'

19

VERIFIED FIRST AMENDED COMPLAINT

violation of Plaintiff's rights under FHAA, as set out in Plaintiff's First Claim, also violates Plaintiff's rights under the CDPA.

80.    Defendants' duties under the CDPA are mandatory and long established. Defendants' failure to comply with their fair housing obligations was willful, knowing and/or the product of reckless indifference.

81.    Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees.

## VIII.  Fifth Cause of Action

### Negligence

### California Civil Code § 1714

82.    Plaintiff hereby re-pleads, restates, re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

83.    Defendants injured Plaintiff by want of ordinary care or skill in their ownership and management of their property and agents in violation of Cal. Civ. Code § 1714.

84.    Defendants were negligent because, as described herein, they violated the FHAA, FEHA, Unruh Act and Disabled Persons Act in their ownership and management of the apartments at the Property.

85.    Defendants' negligence also includes their failure to train, monitor and supervise their agents and employees and to ensure their compliance with the FHAA, FEHA, Unruh Act and Disabled Persons Act.

86.     Defendants' acts and omissions constitute a negligent failure to operate the apartments at the Property in conformity with the law and with accepted industry customs and standards.

87.     Defendants' negligence was a substantial factor in bringing about the harm suffered by Plaintiff, including the deprivation of the right to equal housing opportunity, loss of civil rights, loss of use and enjoyment, frustration, difficulty, emotional and physical distress, embarrassment, and inconvenience, and physical injuries.

88.     The FHAA, FEHA, Unruh Act and Disabled Persons Act were intended to prevent actions like those of Defendants described herein.

89.     The FHAA, FEHA, Unruh Act and Disabled Persons Act were intended to protect persons like Plaintiff.

90.     Wherefore, Plaintiff prays for relief as set forth below.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.     Issue an injunction pursuant to the FHAA, FEHA and Unruh Act ordering Defendants to:

    a.  remove the identified barriers to access;

    b.  adopt non-discrimination policies;

    c.  adopt policies and procedures for processing reasonable
       accommodation and modification requests; and

21
VERIFIED FIRST AMENDED COMPLAINT

    d.  train Defendants' on-site management and owners on the housing

rights of residents with disabilities and the policies developed

pursuant to sections "b" and "c" above;

2.  Award Plaintiff other general, compensatory, and statutory damages in an

amount within the jurisdiction of this court;

3.  Award Plaintiff punitive damages according to proof;

4.  Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as

provided by law; and

5.  Award such other and further relief as the Court may deem just and

proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  November 11, 2022        THE LAW OFFICE OF HAKIMI & SHAHRIARI

By: _____

PETER SHAHRIARI, ESQ.
Attorney for Plaintiff Henry Savage

VERIFIED FIRST AMENDED COMPLAINT

1
2
3

### **VERIFICATION**

4
5
    I, Henry Savage, am the plaintiff in the above-entitled action.  I have read the

6
foregoing complaint and know the contents thereof.  The same is true of my own

7
knowledge, except as to those matters which are therein alleged on information and

8
belief, and as to those matters, I believe it to be true.

9

10
    I declare under penalty of perjury under the laws of the State of California

11
that the foregoing is true and correct.

12
Dated: 2-16-23

13
14
15
Henry Savage, Plaintiff

16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action. My business address is 1800 Vine Street, Los Angeles, California 90028.

On February 23, 2023, I served the foregoing documents described as:

## SUBMITTED FIRST AMENDED COMPLAINT

on all interested parties in this action in the manner described as follows:

**LOCKE LORD LLP**                          *Attorneys for Defendant*
Regina J. McClendon (SBN 184669)
Lindsey E. Kress (SBN 278213)
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816
rmcclendon@lockelord.com
lkress@lockelord.com

Christopher E. Faenza #205680
Arpine Esmailian # 299304
**YOKA | SMITH, LLP**
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071
(213) 427-2300
(213) 427-2330
cfaenza@yokasmith.com
aesmailian@yokasmith.com

☐    **(Mail)** On February 23, 2023, by placing a true copy of the document(s) listed above in an envelope, with postage thereon fully prepaid, addressed as set forth above and then sealing the envelope and depositing it in the U.S. mail at Los Angeles, California.

☒    **(E-Mail)** On February 23, 2023, via electronic mail in Adobe PDF format the document(s) listed above to the electronic mail address(es) set forth above.

☐    **(FEDERAL EXPRESS)** On February 23, 2023, by placing a true copy of the document(s) listed above in a FedEx envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Fed-Ex air bill, and causing the envelope to be delivered to a Fed-Ex agent for next day delivery.

1

2          I am readily familiar with my firm's practice for collection and processing
correspondence for mailing in the United States Postal Service, or overnight delivery by

3   Federal Express, to wit, that correspondence be deposited with the United States Postal
Service or Federal Express courier this same day in the ordinary course of business.

4

5          I declare under penalty of perjury under the laws of the State of California and the
United States that the foregoing is true and correct.

6

7          Executed on February 23, 2023, at Santa Ana, California.

8

9

10          _____

                                    Lauren Davis

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28